IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY EDWARD ZEMAN,           )
                                )
       Petitioner,              )
                                )
v.                              )   Case No. CIV-11-487-D
                                )
UNITED STATES OF AMERICA,       )
                                )
       Respondent.              )

## Report and Recommendation

Following a conviction and sentence in state court, Mr. Timothy Edward Zeman obtained another conviction and sentence in the Western District of Oklahoma. In imposing the second sentence, the Western District of Oklahoma applied Sentencing Guideline 5G1.3 and ordered the federal term to run consecutively to the previously imposed state sentence. Pursuant to 28 U.S.C. § 2241, Mr. Zeman seeks habeas relief and an evidentiary hearing, claiming that the consecutive nature of the sentence involved a misapplication of the sentencing guidelines. But this type of claim is cognizable only under 28 U.S.C. § 2255. Because the desired relief is unavailable through the vehicle chosen by Mr. Zeman, dismissal is necessary.[1]

---

[1] The Respondent also contends that Mr. Zeman filed the petition in the wrong court. The Court need not address this contention because of the unavailability of a remedy under Section 2241 in any court.

## The Unavailability of Relief Under Section 2241

The parties agree on the basic distinction between claims that can be brought under Section 2241 and Section 2255. When a prisoner challenges the execution of a sentence, Section 2241 governs.[2] When he challenges the validity of the sentence, Section 2255 governs.[3]

This distinction occasionally generates confusion when a prisoner claims that a federal sentence should run concurrently, rather than consecutively, with another sentence. The reason for the confusion is that this type of allegation can involve either the validity or execution of the sentence, depending on how the claim is asserted.

For example, when a prisoner questions how he is to serve two sentences, the claim will sometimes turn on whether the sentences are to run consecutively or concurrently. Because the claim involves how the inmate is to serve the sentences, Section 2241 would ordinarily govern.[4]

---

[2] *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." (citation omitted)).

[3] *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that Section 2255 proceedings are used to collaterally attack the validity of a sentence).

[4] An example appeared in *United States v. Miller*, 594 F.3d 1240 (10th Cir. 2010). There the federal court imposed a sentence to run consecutively to a prior state sentence. *See United States v. Miller*, 594 F.3d at 1241. The petitioner asked the federal court to designate the state prison as the place to serve the federal sentence. *See id*. The effect would have made the sentences concurrent because the petitioner would have been receiving credit for both sentences at the same time. *See id*. at 1241-42. Because the petitioner was challenging only the place for service of the federal term, however, the court regarded the claim as one involving execution of the sentence for purposes of 28 U.S.C. § 2241. *Id*. at 1242.

A different scenario exists when the inmate challenges the correctness of the federal court's action when it imposed the sentence. For example, the federal court may say that its sentence will run consecutively with another sentence. The prisoner may disagree and argue that the federal court should have said that the sentences would run concurrently, rather than consecutively. In this situation, the prisoner is challenging the validity of the sentence that was imposed. This type of claim constitutes a classic challenge to the validity of the sentence and is ordinarily cognizable under Section 2255, but not Section 2241.[5]

The threshold issue is which type of claim is being asserted by Mr. Zeman. He is arguing that the federal court had erred by stating that its sentence would run consecutively to another sentence. This argument is based on a belief that the federal court had misapplied No. 5G1.3 of the federal sentencing guidelines.[6]

His complaint does not involve how he is to serve the sentence. Instead, his claim is that the actual sentence was incorrect because it should have been designated as concurrent with, rather than consecutive to, the state sentence. This type of claim involves a challenge to the validity of the sentence. As a result, this type of claim is cognizable under Section 2255, but not Section 2241.[7]

---

[5] *See supra* p. 2. An exception exists when the prisoner claims that the remedy under Section 2255 is inadequate and ineffective. But, Mr. Zeman does not invoke this exception.

[6] *See supra* p. 1.

[7] *See Carroll v. Peterson*, 105 Fed. Appx. 988, 990 (10th Cir. Aug. 5, 2004) (unpublished op.) (holding that a claim involving the judge's failure to make the sentences concurrent under Sentencing Guideline 5G1.3(c) had to be brought under Section 2255 rather than Section 2241); *see also United States v. Ellsworth*, 296 Fed. Appx. 612, 615 (10th Cir. Oct. 2, 2008) (unpublished op.)

The Petitioner's reliance on *United States v. Eccleston*, 521 F.3d 1249 (10th Cir. 2008), is misguided. There a state sentence was to run concurrently with a federal sentence.[8] However, the petitioner wanted "to serve his state and federal sentences concurrently in a federal facility and to have his prior time in state custody credited to his federal sentence."[9] The court held that the claim was cognizable under Section 2241 because the petitioner was challenging the execution of his sentence.[10]

Unlike Mr. Zeman, the petitioner in *Eccleston* was not asking the federal court to modify anything it had done when it imposed the federal sentence. Instead, he had two sentences that were to run concurrently, and he wanted to serve the second one rather than the first one.[11] The time in prison would have remained the same. However, the difference was significant to the petitioner in *Eccleston* because he believed that his attorney had promised him that he "would serve the sentence in federal custody."[12] This type of claim, of course, entailed an easy characterization of the claim as one involving execution of the sentence. The court observed *in dictum*, however, that the result would have been different

---

(holding that a claim, involving the sentencing judge's error in believing that he could not order the sentences to be concurrent, involved imposition of the sentence and was cognizable under Section 2255 but not Section 2241).

[8]    *See United States v. Eccleston*, 521 F.3d at 1251.

[9]    *United States v. Eccleston*, 521 F.3d at 1251.

[10]    *United States v. Eccleston*, 521 F.3d at 1252.

[11]    *See supra* p. 4.

[12]    *United States v. Eccleston*, 521 F.3d at 1251 (citation omitted).

if the petitioner had challenged the actual sentence based on a violation of some promise. That type of claim could only be asserted under Section 2255, rather than Section 2241.[13]

The present claim is different than the one asserted in *Eccleston*. Mr. Zeman is not expressing a preference about how he wants to spend his time in prison. Instead, he is claiming that he should be serving less time in prison than the federal court had ordered. The federal court's error, according to Mr. Zeman, was its misapplication of the sentencing guidelines.[14] This allegation illustrates the types of claims cognizable under Section 2255, while the theory in *Eccleston* had illustrated the sorts of claims typically cognizable under Section 2241.

## The Prohibition Against *Sua Sponte* Recharacterization

The resulting issue is whether the action should be recharacterized as one under Section 2255. Mr. Zeman states that he has not filed a Section 2255 motion,[15] and this section contains a restriction on second or successive requests for relief.[16] Thus, recharacterization could prevent Mr. Zeman from filing a future motion under Section 2255. Because of this danger, the Court cannot recharacterize the petition as a motion under Section

---

[13] *United States v. Eccleston*, 521 F.3d at 1253.

[14] *See supra* pp. 1, 3.

[15] Petition for a Writ of Habeas Corpus Pursuant to 28 USC § 2241 at p. 3 ¶ 15 (May 5, 2011).

[16] *See* 28 U.S.C. § 2255(h) (2006).

2255 without notice and an opportunity to be heard.[17] The Court has not provided such notice and without it, *sua sponte* recharacterization would be inappropriate.[18] Instead, the Court should simply dismiss the action based on the unavailability of relief under 28 U.S.C. § 2241.

### The Unavailability of an Evidentiary Hearing

Mr. Zeman has also requested an evidentiary hearing. However, such a hearing would serve little purpose because Mr. Zeman could not obtain relief under Section 2241 even if he were to prove that the federal court had erred. In these circumstances, the Court should decline to entertain an evidentiary hearing.

### Notice of the Right to Object

Mr. Zeman is advised of his right to object to this report and recommendation by September 9, 2011.[19] If he does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. If Mr. Zeman does not timely object, he would waive his right to appellate review.[20]

### Status of the Referral

This report discharges the referral.

---

[17] *See Castro v. United States*, 540 U.S. 375, 383 (2003).

[18] *See Castro v. United States*, 540 U.S. 375, 383 (2003).

[19] *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[20] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

6

Entered this 23rd day of August, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge