### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

TIMOTHY EDWARD ZEMAN,            )
                                )
                    Petitioner, )
vs.                             )            NO. CIV-11-487-D
                                )
UNITED STATES OF AMERICA,        )
                                )
                    Respondent. )

## O R D E R

Petitioner, appearing *pro se,* brought this action for a writ of habeas corpus pursuant to 42 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Robert E. Bacharach for initial proceedings. On August 23, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 20] in which he recommended dismissal of this action because § 2241 is not the proper vehicle for the relief requested by Petitioner, and he should instead seek relief pursuant to 28 U. S. C. § 2255. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

As the Magistrate Judge explained in the Report and Recommendation, Petitioner was convicted and sentenced in state court prior to his federal conviction and sentence in this Court. His federal sentence was ordered to run consecutively to his state sentence. In his § 2241 Petition, he contends the consecutive nature of the sentence was based on a misapplication of the United States Sentencing Guidelines, and he seeks an evidentiary hearing and a modification of his federal sentence.

As the Magistrate Judge correctly pointed out, § 2241 does not provide the remedy sought by Petitioner, as § 2241 addresses the execution of a sentence rather than its validity. The validity of Petitioner's sentence may be challenged under 28 U. S. C. § 2255. *See, e.g., McIntosh v. United*

*States Parole Commission*, 115 F. 3d 809, 811 (10ᵗʰ Cir. 1997).   Section 2255 authorizes an inmate to seek correction or modification of a sentence imposed by a federal court, and Petitioner contends that his federal sentence should be corrected because it allegedly resulted from an error in applying the Sentencing Guidelines.   The relief he requests may be available under § 2255, but it is not authorized by § 2241.

As the Magistrate Judge also explained, this Court should not *sua sponte* recharacterize his habeas request as a § 2255 motion because that section restricts the number of motions an inmate may file to seek relief within the scope of § 2255.   *See* 28 U. S. C. § 2255(h); *Castro v. United States,* 540 U.S. 375, 383 (2003).   Characterizing his current request for relief as filed pursuant to § 2255 would thus risk limiting his ability to file future § 2255 motions.   Instead, dismissal without prejudice to reasserting his argument in a § 2255 motion would permit him to seek the requested relief along with any other request within the scope of § 2255.

In his objection to the Report and Recommendation, Petitioner reasserts his contention that he relies on *United States v. Eccleston*, 521 F. 3d 1249 (10ᵗʰ Cir. 2008) as supporting his view that the relief he seeks is authorized by § 2241 instead of § 2255.   As the Magistrate Judge explained in addressing that contention, the claim presented in *Eccleston* differs from Petitioner's claim.   In *Eccleston,* the petitioner's state sentence was to run concurrently with his federal sentence; he sought to serve both in a federal facility.   The Circuit construed that request as challenging the execution of his sentence, and considered it a request for § 2241 habeas relief.   *Eccleston,* 521 F. 3d at 1252.   In contrast, Petitioner's federal sentence is not concurrent with his state sentence, and the two sentences were ordered to be served consecutively.   Where the claim asserts that the federal court erred in directing consecutive sentences, it must be brought under § 2255 instead of § 2241.

2

*Carroll v. Peterson*, 105 F. App'x 988, 990 (10th Cir. 2004) (unpublished opinion).   As the Magistrate Judge noted, the petitioner in *Carroll* claimed the federal court improperly applied § 5G1.3 of the United States Sentencing Guidelines when it ordered a state and federal sentence to run consecutively rather than concurrently.   Petitioner asserts the same claim in this case.

Having fully considered the record and Petitioner's objections, the Court finds the Magistrate Judge correctly concluded that this action must be dismissed because the requested relief is not provided by § 2241.   The Report and Recommendation [Doc. No. 20] is adopted as though fully set forth herein.   This action is dismissed without prejudice to Petitioner's right to seek the requested relief in a motion pursuant to 28 U. S. C. § 2255.

IT IS SO ORDERED this 2nd day of February, 2012.


TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE